UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEAH HARRIS, on behalf of her sons, T.H. and D.H.; and TARA BEHL, on behalf of her son, T.N.,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>RICHFIELD PUBLIC SCHOOLS; STEVEN UNOWSKY, Superintendent, in his personal capacity, STACY THEIEN-COLLINS, Principal, in her personal capacity; STEVEN FLUCAS, Assistant Principal, in his personal capacity; CARRIE VALA, Assistant Principal, in her personal capacity; and MICHAEL HARRIS, Teacher on Special Assignment, in his personal capacity,<br><br>　　　　　Defendants. | Civil File No.<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

Each of the minor Plaintiffs were students at Richfield High School (RHS) attending the homecoming football game on September 23, 2022 when a shooting took place. The minor Plaintiffs were not involved in any manner with the shooting. On information and belief, two unrelated juveniles were arrested, one of whom was criminally charged. Nevertheless, RHS administration initially disciplined the minor Plaintiffs with limited (3-5 day) suspensions. The Plaintiffs protested their innocence to RHS administrators.

The Plaintiffs were further informed by RHS administration that in order for each minor Plaintiffs to return to RHS, they would be the subject to restrictions upon entry to school. The daily restrictions included a search of their persons consisting of empty pockets, lifting up pant legs, remove shoes, opening and checking waistbands, and opening containers to smell for alcohol.

1

A comprehensive search of their belongings included opening and rummaging through backpacks. The minor Plaintiffs were also required to relinquish their mobile devices which returned at the end of the school day.

RHS administration also notified the parents of the minor Plaintiffs that their children could only be on school grounds from 8:25 am – 3:45 pm and were not permitted to participate in any extracurricular or after school activities including athletics, prom, and sporting events. Further, the Plaintiffs were informed that the students could only use the restrooms during passing time, lunch or recess. If Plaintiffs asked to use the restroom outside of the breaks, they were under adult escort.

Plaintiff Behl challenged the unwritten restrictions and unlawful practices on December 22, 2022 and Plaintiff T.N. was returned to RHS on May 3, 2023, Richfield personnel began to retaliate against Plaintiff T.N. by continuing to escort him any time he was outside the classroom,

**PARTIES**

1. Plaintiffs Leah Harris and her minor sons, T.H. and D.H. are citizens of Minnesota, County of Hennepin, residing at 6732 Washburn Avenue South, Richfield, Minnesota 55423. Minor Plaintiffs T.H. and D.H. attended Richfield High School within Richfield Public Schools during the period of time relevant herein. T.H. and D.H. Asian-American and African-Americans twin brothers.

2. Plaintiffs Tara Behl and her minor son, T.N. are citizens of Minnesota, County of Hennepin, residing at 7100 – 4th Street South, Richfield, Minnesota 55423. Minor Plaintiff T.N. attended Richfield High School within Richfield Public Schools during the period of time relevant herein. T.N. is a student with a long-standing disability.

3. Defendant Richfield Public Schools (Richfield) is a is a public education entity as that term is used by state law. Its principal place of business is 401 - 70th Street West, Richfield, Minnesota 55423.

4. Defendant Steven Unowsky (Unowsky) was at all times relevant herein the Superintendent employed by Richfield. Defendant Unowsky's actions or inaction set forth herein were taken under the color of state law and in the course and scope of his employment.

5. Defendant Stacy Theien-Collins (Theien-Collins) was at all times relevant herein the Principal at Richfield High School (RHS) employed by Richfield. Defendant Theien-Collins' actions or inaction set forth herein were taken under the color of state law and in the course and scope of her employment.

6. Defendant Steven Flucas (Flucas) was at all times relevant herein a Vice Principal at Richfield High School (RHS) employed by Richfield. Defendant Flucas' actions or inaction set forth herein were taken under the color of state law and in the course and scope of his employment.

7. Defendant Carrie Vala (Vala) was at all times relevant herein a Vice Principal at Richfield High School (RHS) employed by Richfield. Defendant Vala's actions or inaction set forth herein were taken under the color of state law and in the course and scope of her employment.

8. Defendant Michael Harris (Harris) was at all time relevant herein the Teacher on Special Assignment (TOSA)-Restorative Practice Dean employed by Richfield. Defendant Harris' actions or inaction set forth herein were taken under the color of state law and in the course and scope of his employment.

9. The Plaintiffs claims against Defendants arise under Section 1983, the Fourteenth and Fourth Amendments to the United States Constitution, Title IV of the Civil Rights Act of 1964,

the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Minnesota Government Data Practices Act.

## JURISDICTION AND VENUE

10. This is an action for relief under 42 U.S.C. § 1983, common law and state statute. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

11. Venue is proper under 28 U.S.C. § 1391 because the acts and omissions giving rise to this action occurred in this district.

## FACTS

12. Plaintiffs incorporate and reallege by reference all preceding paragraphs as if they were fully set forth herein.

13. On September 23, 2022, a shooting took place during RHS' homecoming game. The minor Plaintiffs were not involved in any manner with the shooting but were attending the homecoming game with their high school peers.

14. Plaintiff T.H. was a tenth-grade student at RHS at all times relevant herein. On September 25, 2022, RHS administration suspended him for three (3) days for "disruptive/ disorderly/insubordination". Richfield personnel provided no facts reflecting the basis for the Notice of Suspension.

15. Plaintiff D.H. was a tenth-grade student at RHS at all times relevant herein. On September 25, 2022, RHS administration suspended him for three (3) days for "disruptive/ disorderly/insubordination". Richfield personnel provided no facts reflecting the basis for the Notice of Suspension.

16. Plaintiff T.N. was an eleventh-grade student at RHS at all times relevant herein. On September 25, 2022, RHS administration suspended him for three (3) days for "disruptive/

disorderly/insubordination".  The Notice of Suspension referred to an "altercation" occurring "outside the football game" that was a "significant disruption to the school event and resulted in an act of violence."  Richfield personnel provided no facts reflecting T.N.'s actions or the basis for the Notice of Suspension.  Defendant Flucas intentionally and materially misrepresented the evidence RHS administration had in its possession supporting the discipline and restrictions placed on the Plaintiffs.

17.     Each minor Plaintiff and their parents were required to meet with the RHS principal and two vide principals before the students could return to school.  In the meetings, the Plaintiffs were informed that in order to return to RHS, each minor Plaintiff would be subject to restrictions that involved daily searches of their persons and belongings and the relinquishment of their mobile devices.  The searches conducted by RHS administration included: removal of shoes, lifting pant legs, emptying pants pockets, emptying jacket pockets, opening containers, and emptying backpacks.  The searches were conducted by Defendants Flucas, Theien-Collins, Harris and Vala.  The minor Plaintiffs were also restricted in the time they could be at school, their participation in sports, and attendance at any school activities.  In one instance, Defendant Vala removed a pack of gum and pulled each stick of gum out of the packet, smelling the individual pieces, asserting she was searching for "weapons and vapes."  Each minor Plaintiff was restricted to using the restroom during passing and lunch time and would be escorted at all times outside the classroom.  The restrictions were identified orally to each of the Plaintiffs and not reduced to writing by Richfield.  The Plaintiffs efforts to have Richfield administrators identify the restrictions in writing and the basis for the restrictions were unavailing.

18.     With each minor Plaintiff, RHS administrators attempted to require the parents to forego returning to RHS and enroll in Richfield's alternative education program for at-risk students, South

Education Center Academy (SECA). The parents were informed that the restrictions would follow the students into any Richfield education program including SECA. However, RHS administration so frequently referred students of color and with disabilities to SECA for minor and non-existent disciplinary infractions that the Plaintiffs were informed that there was a wait list to attend SECA.

19. Richfield has a pattern and practice of disproportionately removing minority and disabled students to SECA for minor behavior infractions whereas Caucasian and non-disabled students are not referred to SECA for similar infractions.

20. Caucasian students who were congregating in the same vicinity as Plaintiffs T.H. and D.H. when the shooting occurred were not subject to discipline or restrictions. Plaintiffs were situated similarly in all material respects to their Caucasian peers.

21. Defendant Theien-Collins informed Plaintiff Harris that the restrictions would be lifted after winter break. Plaintiffs D.H. and T.H. returned to RHS on January 3, 2023 but continued to be followed and escorted by Defendant Harris as set forth herein.

22. Non-disabled students who were in the same vicinity as Plaintiff T.N. during the homecoming game were not subject to discipline or restrictions. Plaintiff T.N. were situated similarly in all material respects to his non-disabled peers.

23. Plaintiff Behl refused to permit T.N. to be the subject of the restrictions and so he was unable to attend high school until the restrictions were lifted.

24. Defendants continued to insist on restrictions for T.N. until Plaintiff Behl sent correspondence through legal counsel on April 7, 2023 demanded that the practices cease and that T.N. be restored to his high school education without restrictions.

25. Plaintiffs Behl and T.N. attended a team meeting on April 18, 2023 with Richfield personnel to return him to the high school. During this meeting, Defendants once again attempted

to convince the Plaintiff Behl to place her son in SECA. At this meeting, Defendant Theien-Collins stated that the restrictions had been developed and implemented in consultation with Defendant Unowsky. Defendants confirmed that the restrictions would be lifted for Plaintiff T.N. upon his return. Before T.N.'s return, Defendant Vala would call law enforcement on T.N. is he came to the school to see or meet with his friends.

26. Plaintiff T.N. returned to his education without restrictions on May 3, 2023. Upon his return he became the subject of harassment and intimidation by Defendant Harris who closely followed T.N. throughout the school. Defendant Harris repeatedly insisted that T.N. was to be escorted at all times outside a classroom including for restroom breaks, free and passing time, and lunch and recess. Defendant Harris mocked and taunted Plaintiff T.N. when he contacted his mother or asked Defendant Harris to speak with his attorney about the restrictions.

27. After the restrictions were lifted for Plaintiffs D.H. and T.H., they each were the subject of harassment and intimidation by Defendant Harris who closely followed them throughout the school and would wait at their classroom doors to follow them during non-class time. This conduct continued until the conclusion of the school year.

28. Defendants had no discipline policy or procedure that permitted the unlawful practices. Defendants Unowsky, Theien-Collins, Flucas, Vala, and Harris are supervisory administrators responsible to protect the rights and interests of student attending Richfield. Defendants Unowsky, Theien-Collins, Flucas, Vala, and Harris were instrumental in identifying, adopting and implementing the restrictions. Defendants knew or should have known that the restrictions violated the minor Plaintiffs' constitutional rights.

29. Defendant Theien-Collins confirmed that the decision to conduct the restrictions against the minor Plaintiffs was undertaken in consultation and agreement with Defendant Unowsky.

Defendants declined to put the restrictions into writing and originally denied that the unlawful practices were in effect.

30. Plaintiffs submitted a data request and a notice of non-destruction of evidence on December 22, 2022[1]. Defendants responded with the education records of the minor Plaintiffs T.H., D.H. and T.N. but refused to provide the requested video tapes reflecting Plaintiffs T.H. and D.H. being the subject of the restrictions before attending school. Defendant Richfield has declined to produce any recordings.

31. Richfield personnel have referenced eye witness testimony, group chats, and video in reaching its disciplinary decisions against the minor Plaintiffs but refused to disclose the data pursuant to Plaintiffs' Minnesota Government Data Practices Act request. Further, Plaintiffs submitted a notice of non-destruct and request for any video of the minor Plaintiffs being escorted into the building to the location in the school building where the restrictions were implemented. Richfield has declined to comply the requested data.

## CLAIMS
## FIRST CLAIM

### VIOLATION OF CONSTITUTIONAL RIGHTS
### 42 U.S.C. § 1983
### ALL PLAINTIFFS V. ALL DEFENDANTS

32. Plaintiffs incorporate the preceding paragraphs herein by reference.

33. Defendants Richfield, Unowsky, Theien-Collins, Flucas, Vala, and Harris violated minor Plaintiffs' rights under the Fourth Amendment to the United States Constitution by their actions and inactions, including but not limited to: daily searches of their persons and belongings without a reasonable suspicion.

---

[1] Correspondence was incorrectly dated "2023".

34. Defendants Richfield, Unowsky, Theien-Collins, Flucas, Vala, and Harris violated minor Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by actions, including but not limited to, depriving the minor Plaintiffs of equal protection under the law on the basis of their race or disability.

   a. Intentionally depriving them of their substantive right to a public education; and
   b. Intentionally interfering with the minor Plaintiffs right to be free from irrational discrimination on the basis of race or disability.

35. Defendants Richfield, Unowsky, Theien-Collins, Flucas, Vala, and Harris violated the minor Plaintiffs' rights under the Fourteenth Amendment Due Process Clause by their actions and inactions, including but not limited to:

   a. Intentionally interfering with the minor Plaintiffs right to attend their public education free from constitutional violations;
   b. Intentionally interfering with the minor Plaintiffs right to privacy and to be free from unlawful searches; and
   c. Intentionally interfering with the minor Plaintiffs property interest in their education without due process of the law.

36. Defendants Unowsky, Theien-Collins, Flucas, Vala, and Harris were in supervisory positions and knew, or were responsible to know, that the restrictions violated the minor Plaintiffs constitutional rights.

37. As a result of Defendants' actions and inactions, the Plaintiffs have suffered damages including special and general damages according to proof.

### SECOND CLAIM

**RACIAL DISCRIMINATION & RETALIATION
IN VIOLATION OF TITLE VI OF
THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §§ 2000d, *ET SEQ*.
PLAINTIFFS HARRIS, T.H. AND D.H. V. ALL DEFENDANTS**

38. Plaintiffs incorporate the preceding paragraphs herein by reference.

39. Defendants Richfield, Unowsky, Theien-Collins, Flucas, Vala, and Harris violated minor Plaintiffs T.H. and D.H. rights under Title IV of the Civil Rights Act by their intentional actions and inactions to exclude Plaintiffs T.H. and D.H. from participation in and the benefits of their education on the basis of race.

40. Defendants Richfield, Unowsky, Theien-Collins, Flucas, Vala, and Harris violated minor Plaintiffs T.H. and D.H. rights under Title IV of the Civil Rights Act by intentionally utilizing criteria and/or methods of the administration of discipline which subjected Plaintiffs T.H. and D.H. to discrimination because of their race. Defendants' conduct created a hostile education environment for Plaintiffs T.H. and D.H.

41. Defendants Unowsky, Theien-Collins, Flucas, Vala, and Harris were in supervisory positions at all material times and knew, or were responsible to know, that the restrictions violated the minor Plaintiffs constitutional rights.

42. Defendant Harris intentionally and deliberately violated minor Plaintiffs D.H. and T.H.'s rights by retaliating against Plaintiffs D.H. and T.H. in response to Plaintiff Harris' actions to protect her sons' rights under the United States Constitution and Title IV of the Civil Rights Act.

43. As a result of Defendants' actions and inactions, the Plaintiffs T.H. and D.H. have suffered damages including special and general damages according to proof.

### THIRD CLAIM

**DISABILITY DISCRIMINATION AND RETALIATION
IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. §§ 12101, *ET SEQ*.
PLAINTIFFS BEHL AND T.N. V.
DEFENDANT RICHFIELD**

44. Plaintiffs incorporate the preceding paragraphs herein by reference.

45. Plaintiff T.N. is a student with a disability entitled to the protections of Title II of the Americans with Disabilities Act of 1990.

46. Defendant Richfield, through its employees and agents, violated minor Plaintiff T.N.'s rights under Title II of the Americans with Disabilities Act by their actions and inactions were undertaken in bad faith and gross misjudgment that resulted in Plaintiff T.N. being denied participation in and the benefits of his education on the basis of disability. Defendant's conduct was a substantial departure from accepted professional judgment, practice or standards such that supervisory personnel did not base their decision on such judgment, practices and standards.

47. Defendant Richfield, through its employees and agents, intentionally and deliberately violated minor Plaintiff T.N.'s rights under Title II of the Americans with Disabilities Act by retaliating against Plaintiff T.N. in response to Plaintiff Behl's actions to protect her son's rights under the United States Constitution and ADA.

48. Defendant Richfield through its employees and agents violated Title II when they failed to provide public services, programs and activities in a full and equal manner to disabled persons as described herein; failed to ensure that educational services are provided on an equal basis to children with disabilities. Defendant's conduct created a hostile education environment for Plaintiff T.N.

49. As result of Defendants' failure to perform its duty under Title II, the Plaintiffs have suffered damages including special and general damages according to proof.

### FOURTH CLAIM

**VIOLATION OF THE REHABILITATION ACT OF 1973**
**29 USC §§ 794, *ET SEQ*.**
**PLAINTIFFS BEHL AND T.N. V.**
**DEFENDANT RICHFIELD**

50. Plaintiffs incorporate the preceding paragraphs herein by reference.

51. Plaintiff T.N. is a student with a disability entitled to the protections of the "Public Services" provision of Section 504 of the Rehabilitation Act of 1973.

52. Defendant Richfield is the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

53. Defendant Richfield violated minor Plaintiffs T.N.'s rights under Section 504 of the Rehabilitation Act through its employees and agents' actions and inactions undertaken in bad faith and gross misjudgment[2] that resulted in Plaintiffs T.N. being denied participation in and the benefits of his education on the basis of disability. Defendant's conduct was a substantial departure from accepted professional judgment, practice or standards such that responsible Defendants did not base their decision on such a judgment, practice and standards.

54. Defendant intentionally and deliberately violated minor Plaintiffs T.N.'s rights under Section 504 of the Rehabilitation Act and retaliated against Plaintiff T.N. in response to Plaintiff Behl's actions to protect her son's rights under the United States Constitution and Section 504 of the Rehabilitation Act. Defendant's conduct created a hostile education environment for Plaintiff T.N.

55. Defendant Richfield, by and through its employee, Defendant Harris, engaged in retaliation and reprisals against Plaintiff T.N. in response to Plaintiffs Behl's actions to protect her son's rights as an individual with a disability and under the United States Constitution.

56. As result of Defendants actions and inactions in violation of Section 504 of the Rehabilitation Act, the Plaintiff. T.N. suffered damages including special and general damages according to proof.

---

[2] Plaintiffs, by reciting this language, do not agree that bad faith and gross misjudgment is the correct standard for children with disabilities in the public-school setting.

**FIFTH CLAIM**
**VIOLATION OF**
**MINNESOTA GOVERNMENT DATA PRACTICES ACT**
**ALL PLAINTIFFS V. DEFENDANT RICHFIELD**

57. Plaintiffs incorporate the preceding paragraphs herein by reference.

58. Defendant Richfield violated Plaintiffs' rights of access as a data subject and a data requester by refusing to respond to Plaintiffs' data requests consistent with the Minnesota Government Data Practices Act. Minn. Stat. § 13.04 subd. 3.

59. Minn. Stat. §§ 13.08 subd. 1, 13.08 subd. 2, and 13.08 subd. 4 provide remedies that include judgment, damages, exemplary damages, declaratory relief, injunctive relief to prohibit violations by Defendant Richfield, and/or to impose evidentiary inferences at Richfield's expense, mandamus relief to compel disclosure or data improperly withheld, and civil penalties up to $1,000.00, or such sum as a jury shall determine to hold Defendant Richfield accountable for its failure to disclose data to which the Plaintiffs have the right of access.

60. Defendant Richfield's continuing violation of Plaintiffs' rights as data subjects and requesters is willful, intentional, and with reckless disregard for Plaintiffs' right of access.

61. Defendant Richfield's continuing violation of Plaintiffs' right to access inflicts damage upon them in excess of $75,000.00, or such sum as a jury shall determine.

62. Defendant Richfield's intentional, willful, and reckless refusal to provide the data merits exemplary damages up to $15,000.00, or such sum as a jury shall determine.

63. Defendant Richfield's intentional, willful, and reckless refusal to provide the data merits an award of fees and costs to prosecute the violations.

**RELIEF**

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

1. For declaratory judgment against the Defendants for the discriminatory discipline practices;
2. For preliminary and permanent injunctions enjoining and restraining the Defendants from implementing its discriminatory discipline practices;
3. For general and special damages against the Defendants;
4. For costs and disbursements of the suit;
5. For reasonable attorneys' fees;
6. Compensatory and exemplary damages;
7. A judgment and order to produce the data, and reasonable attorneys' fees and costs in accordance with Minn. Stat. 13.08; and
8. For such other relief the Court may deem just.

Respectfully submitted,

Date: August 7, 2023

/s/ Margaret O'Sullivan Kane
Margaret O'Sullivan Kane /ID # 220243
Kane Education Law, LLC
1041 Grand Avenue
Suite 263
Saint Paul, Minnesota 55105
Tel. 651.222.8611
Fax. 651.221.2623
mkane@kaneeducationlaw.com

Attorney for Plaintiffs

**VERIFICATION**

I verify that I have read the foregoing Complaint, and that all of the facts and statements made therein are true and correct to the best of my knowledge, as to the attached documents they are true and correct copies, and as to those facts stated on information and belief, I also believe them to be true and correct.

Dated: _____                    _____
                                          Leah Harris

 Subscribed and sworn to before me this ____ day of August, 2023.

_____
Notary

Dated: _____                    _____
                                                           Tara Behl

Subscribed and sworn to before me
this ____ day of August, 2023.


_____
Notary