UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Leah Harris, on behalf of her sons, T.H. and D.H.; and Tara Behl, on behalf of her son, T.N.,<br><br>      Plaintiff,<br><br>v.<br><br>Richfield Public Schools; Steven Unowsky, Superintendent, in his personal capacity; Stacy Theien-Collins, Principal, in her personal capacity; Steven Flucas, Assistant Principal, in his Personal Capacity, Carrie Vala in her personal capacity; and Michael Harris, Teacher on Special Assignment, in his personal capacity,<br><br>      Defendants. | Case No. 23-cv-2384 (ADM/DLM)<br><br>**ANSWER** |

As and for their Joint and Separate Answer to Plaintiffs' Complaint, Defendant Independent School District No. 280, Richfield Public Schools ("District"), Steven Unowsky, Stacy Theien-Collins, Steven Flucas, Carrie Vala, and Michael Harris, collectively referred to as "Defendants," state and allege as follows:

1. Defendants deny each and every allegation, matter, and thing contained in the Complaint, except as hereinafter admitted, qualified, or otherwise answered.

2. Defendants affirmatively allege that the "Introduction" section prior to Paragraph 1 of the Complaint is not susceptible to responsive pleading and does not require a response. To the extent a response is required, all allegations against Defendants are denied.

3. Defendants deny the allegations in Paragraphs 18, 19, 20, 22, 27, and 28. Defendants put Plaintiffs to their strict proof regarding the allegations in those paragraphs.

4. With respect to Paragraphs 9, 10, 11, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 51, 53, 54, 55, 56, 58, 59, 60, 61, 62, and 63, and any other Paragraph in which Plaintiffs state their interpretation of what the law is, what the law requires, or the Defendants' obligations under the law, deny Plaintiffs' allegations in said Paragraphs on the basis that Plaintiffs' legal conclusions are not susceptible to responsive pleading, that the law is not necessarily as stated or characterized by Plaintiffs, and that questions of law present issues for the Court to decide.

5. With respect to Paragraph 1, Defendants admit only that T.H. and D.H. are residents of the District and attended the High School during the 2022-23 school year. Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the balance of the allegations in Paragraph 1 and, thus, deny the same and put Plaintiffs to their strict proof thereof.

6. With respect to Paragraph 2, Defendants admit only that T.N. is a resident of the District, attended the High School during the 2022-23 school year, and is a student with a disability. Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the balance of the allegations in Paragraph 2 and, thus, deny the same and put Plaintiffs to their strict proof thereof.

7. With respect to Paragraph 3, Defendants admit only that Independent School District No. 280, Richfield Public Schools is a public school district organized within the

State of Minnesota pursuant to Minn. Stat. § 123B, *et seq*, and that its principal place of business is 401 70th Street West, Richfield, Minnesota 55423.

8. With respect to Paragraph 4, Defendants admit only that Steven Unowsky is the District's Superintendent and that he acts on behalf of the District when performing his official job duties. Defendants affirmatively state that Superintendent Unowsky acted properly and lawfully in all respects related to the claims asserted by Plaintiffs.

9. With respect to Paragraph 5, Defendants admit only that Stacy Theien-Collins is the Principal at Richfield High School ("High School") and that she acts on behalf of the District when performing her official job duties. Defendants affirmatively state that Ms. Theien-Collins acted properly and lawfully in all respects related to the claims asserted by Plaintiffs.

10. With respect to Paragraph 6, Defendants admit only that Steven Flucas is a Vice Principal at the High School and that he acts on behalf of the District when performing his official job duties. Defendants affirmatively state that Mr. Flucas acted properly and lawfully in all respects related to the claims asserted by Plaintiffs.

11. With respect to Paragraph 7, Defendants admit only that Carrie Vala is a Vice Principal at the High School and that she acts on behalf of the District when performing her official job duties. Defendants affirmatively state that Ms. Vala acted properly and lawfully in all respects related to the claims asserted by Plaintiffs.

12. With respect to Paragraph 8, Defendants admit only that Michael Harris is a Teacher on Special Assignment-Restorative Practice Dean for the District and that he acts on behalf of the District when performing his official job duties. Defendants affirmatively state that

Mr. Harris acted properly and lawfully in all respects related to the claims asserted by Plaintiffs.

13. With respect to Paragraph 13, Defendants admit only that a shooting took place during the District's homecoming football game on September 23, 2022. Defendants deny the balance of the allegations in Paragraph 13 and put Plaintiffs to their strict proof regarding those allegations.

14. With respect to Paragraph 14, Defendants admit only that Plaintiff T.H. was a tenth-grade student at the High School during the 2022-23 school year and that he was suspended for three school days following the shooting that took place at the homecoming football game. Defendants deny the balance of the allegations in Paragraph 14 and put Plaintiffs to their strict proof regarding those allegations.

15. With respect to Paragraph 15, Defendants admit only that Plaintiff D.H. was a tenth-grade student at the High School during the 2022-23 school year and that he was suspended for three school days following the shooting that took place at the homecoming football game. Defendants deny the balance of the allegations in Paragraph 15 and put Plaintiffs to their strict proof regarding those allegations.

16. With respect to Paragraph 16, Defendants admit only that Plaintiff T.N. was an eleventh-grade student at the High School during the 2022-23 school year and that he was suspended for three school days following the shooting that took place at the homecoming football game. Defendants deny the balance of the allegations in Paragraph 16 and put Plaintiffs to their strict proof regarding those allegations. Defendants deny Plaintiffs' characterizations of the Notice of Suspension and assert that the document speaks for itself.

17.     With respect to Paragraph 17, Defendants admit only that each of the minor Plaintiffs and their parents had a suspension re-entry meeting with District staff following their suspension. During that meeting, the District communicated to Plaintiffs that staff would be undertaking reasonable searches of the students when they entered the school to ensure student and staff safety, that the students not have their cell phone while at school, and that the students have reasonable restrictions on when they could be on campus after school or at school events. Mr. Flucas, Ms. Theien-Collins, Mr. Harris, and Ms. Vala undertook searches of the minor Plaintiffs at various times based upon their schedules. Defendants deny the balance of the allegations in Paragraph 17 and put Plaintiffs to their strict proof regarding those allegations.

18.     With respect to Paragraph 21, Defendants admit only that the restrictions with respect to minor Plaintiffs T.H. and D.H. were removed after winter break. Defendants deny the balance of the allegations in Paragraph 21 and put Plaintiffs to their strict proof regarding those allegations. Defendants affirmatively assert that T.H. and D.H. were allowed to use the District's pass system for leaving a classroom just like all other students at the High School, and that if any student abuses the pass system, such as not by returning to class promptly while on a break or going to areas of the High School not needed for their pass, the student's pass privileges may be limited for a period of time.

19.     With respect to Paragraph 23, Defendants lacks sufficient information or knowledge regarding Plaintiff Behl's decision making with respect to T.N., and therefore denies the allegations in this Paragraph and puts Plaintiffs to their strict proof regarding the allegations in this Paragraph. Defendants affirmatively assert that following his three-day suspension,

5

T.N. was at all times allowed to attend Richfield Public Schools for the 2022-23 school year.

20.     With respect to Paragraph 24, Defendants admit only that the District received correspondence from Plaintiffs' legal counsel on April 7, 2023. Defendants deny the balance of the allegations in Paragraph 24 and put Plaintiffs to their strict proof regarding those allegations. Defendants affirmatively assert that on January 6, 2023, Ms. Theien-Collins sent Plaintiff Behl an email confirming that T.N. has been welcome to return to school since his suspension ended, and that the restrictions in place when he returns to school are that he not be allowed to have a cell phone while in school and that he have a staff member accompany him if he needs to leave the classroom.

21.     With respect to Paragraph 25, Defendants admit only that a team meeting occurred on April 18, 2023, and that Ms. Theien-Collins stated that the restrictions had been developed in consultation with Superintendent Unowsky and that the restrictions would no longer be applied to T.N. Defendants deny the balance of the allegations in Paragraph 25 and put Plaintiffs to their strict proof regarding those allegations. Defendants affirmatively assert that prior to this team meeting, Plaintiff Behl had indicated a desire for T.N. to attend SECA and met with administrators at SECA to discuss attendance there.

22.     With respect to Paragraph 26, Defendants admit only that Plaintiff T.N. returned to attending the District's schools on May 3, 2023. Defendants deny the balance of the allegations in Paragraph 26 and put Plaintiffs to their strict proof regarding those allegations.

23. With respect to Paragraph 29, Defendants admit only that the restrictions implemented following the shooting on September 23, 2022 were developed by Superintendent Unowsky and Ms. Theien-Collins. Defendants deny the balance of the allegations in Paragraph 29 and put Plaintiffs to their strict proof regarding those allegations.

24. With respect to Paragraph 30 and the referenced footnote, Defendants deny that they received any data request or notice of non-destruction of evidence on December 22, 2022. Defendants admit only that on December 26, 2022, Defendants Unowsky and Theien-Collins received a letter dated December 26, 2023, titled "Records Request and Notice of Non-Destruct." Defendants affirmatively assert that they have provided all data responsive to Plaintiffs in accordance with the Minnesota Government Data Practices Act. Defendants deny the balance of the allegations in Paragraph 30 and put Plaintiffs to their strict proof regarding those allegations.

25. With respect to Paragraph 31, Defendants admit only that Plaintiffs submitted multiple data requests to the District and the District has provided all data responsive to those requests in accordance with the Minnesota Government Data Practices Act. Defendants deny the balance of the allegations in Paragraph 31 and put Plaintiffs to their strict proof regarding those allegations.

26. With respect to Paragraphs 12, 32, 38, 44, 50, and 57, which seek to incorporate other paragraphs in the Complaint, Defendants assert that no responsive pleading is required or possible and, therefore, deny the allegations in Paragraphs 12, 32, 38, 44, 50, and 57. To the extent that Plaintiffs assert a responsive pleading is required, Defendant

7

District incorporates the responses stated in this Answer to the paragraphs that are allegedly incorporated into Paragraphs 12, 32, 38, 44, 50, and 57.

27.   With respect to Paragraph 52, Defendants admit only that the District receives federal funding, and operates and maintains its facilities in accordance with all applicable laws. Defendants deny the balance of the allegations in Paragraph 52 and put Plaintiffs to their strict proof regarding those allegations.

28.   Defendant asserts that the "Relief" section is not susceptible to responsive pleading. Therefore, Defendant denies the allegations in this section.

## AFFIRMATIVE DEFENSES

29.   Defendants affirmatively allege that Plaintiffs' Complaint, in whole or part, fails to state a claim upon which relief may be granted.

30.   Defendants specifically deny there was any action taken toward Plaintiffs by them that was in any way unlawful, in violation of Plaintiffs' rights, or unreasonable under the circumstances, and affirmatively allege that all actions taken by the Defendants in regard to the Plaintiffs were for legitimate, non-discriminatory reasons, taken in the course and scope of their employment, and taken in good faith under the reasonable belief that they were necessary, lawful, and duly called for under the circumstances.

31.   Defendants specifically deny that Plaintiffs have sustained any injuries of a constitutional nature sufficient to state a claim under 42 U.S.C. § 1983 or otherwise.

32.   Defendants affirmatively allege that Plaintiffs have failed to state a claim upon which relief can be granted.

33. Defendants affirmatively allege that some or all of Plaintiffs' claims are limited or barred by case law or statute.

34. Defendants affirmatively allege that all or part of the claims set forth by Plaintiffs in their Complaint may be or are barred by the doctrine of immunity, whether created by common law, statute, or otherwise, and whether set forth as absolute, qualified, official, good faith, or any other type of immunity.

35. Defendants affirmatively allege that some or all of Plaintiffs' claims are barred by the doctrines of waiver or estoppel.

36. Defendants affirmatively allege that Plaintiffs have failed to plead factual allegations which, if accepted as true, are sufficient to assert a cause of action against Defendants.

37. Defendants affirmatively allege that Plaintiffs have failed to plead sufficient allegations to establish Defendants' liability for a claim asserted under 42 U.S.C. § 1983 under the standard set forth in *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 664 (1978).

38. Defendants affirmatively allege that Plaintiffs have failed to allege any facts regarding the existence of an unconstitutional policy or custom or any facts that would allow the Court to draw an inference that any alleged conduct resulted from an unconstitutional policy or custom.

39. Defendants affirmatively allege that Defendants did not take any action that implemented or was based on any unconstitutional policy or custom.

40. Defendants affirmatively allege that Defendants did not violate a clearly established statutory or constitutional right of which a reasonable person would have had knowledge and, therefore, Defendants may not be held liable for the alleged conduct. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

41. Defendants affirmatively allege that Plaintiffs must exhaust administrative remedies under the IDEA before pursuing claims under the IDEA or related claims under Section 504 or the ADA.

42. Defendants affirmatively allege that Plaintiffs have failed to exhaust administrative remedies under the IDEA, Section 504, and the ADA and that the exhaustion of administrative remedies is a condition precedent to bringing a civil action.

43. Defendants affirmatively allege that Plaintiffs' Section 504 and ADA claims must also be dismissed as a matter of law because the District and its officials have not acted with bad faith or gross misjudgment. *See Monahan v. State of Nebraska*, 687 F.2d 1164, 1170–71 (8th Cir.1982).

44. Defendants affirmatively allege that some or all of Plaintiffs' purported claims are subject to the tort liability limitations set forth in Minnesota Statutes Chapter 466.

45. Defendants affirmatively assert that the District has provided all data responsive to Plaintiffs' requests for data in accordance with the Minnesota Government Data Practices Act.

46. Defendants affirmatively assert that Plaintiffs have suffered no damages with respect to their claim under the Minnesota Government Data Practices Act.

47. Defendants specifically deny that Plaintiffs are entitled to attorney's fees.

48.     Defendants affirmatively assert that Plaintiffs' pursuit of frivolous claims entitles Defendants to recover their attorney fees, disbursements, and costs from Plaintiffs.

WHEREFORE, these Defendants pray that Plaintiff takes nothing against them by their pretended cause of action, that the same be dismissed and these Defendants recover judgment for their attorney fees, costs, and disbursements together with whatever other relief this Court deems just and equitable.

**SQUIRES, WALDSPURGER & MACE, P.A.**

Dated: October 6, 2023     By: /s/ Zachary J. Cronen
Zachary J. Cronen, Atty No. 0397420
Abigail R. Kelzer, Atty. No. 397392
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
zachary.cronen@raswlaw.com
abbi.kelzer@raswlaw.com

**ATTORNEYS FOR DEFENDANTS**

SWM: 249746

11