UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEAH HARRIS, on behalf of her sons, T.H. and D.H.; and TARA BEHL, on behalf of her son, T.N.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RICHFIELD PUBLIC SCHOOLS; STEVEN UNOWSKY, Superintendent, in his personal capacity, STACY THEIEN-COLLINS, Principal, in her personal capacity; STEVEN FLUCAS, Assistant Principal, in his personal capacity; CARRIE VALA, Assistant Principal, in her personal capacity; and MICHAEL HARRIS, Teacher on Special Assignment, in his personal capacity,<br><br>　　　　　　Defendants. | Civil File No. 23-2384 (ADM/DLM)<br><br><br><br>**JOINT RULE 26 REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 27, 2023, and prepared the following report.

**(a)     Description of the Case.**

　　(1)     Concise factual summary of plaintiffs' claims:

Plaintiffs brought claims under Section 1983 for the violation of minor Plaintiffs' Fourteenth and Fourth Amendments, Title VI of the Civil Rights Act, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Minnesota Government Data Practices Act for daily, suspicionless, unlawful searches of minor students in the public-school setting over a period of months. The minor students were targeted for searches based upon either their race or disability status.

Each minor Plaintiff was a student at Richfield High School (RHS) attending the homecoming football game on September 23, 2022 when a shooting took place. The minor Plaintiffs were not involved in any manner with the shooting. On information and belief, two unrelated juveniles were arrested, one of whom was criminally charged. Nevertheless, RHS

1

administration initially disciplined the minor Plaintiffs with three day suspensions. The Plaintiffs protested their innocence to RHS administrators, named above.

The Plaintiffs were further informed by RHS administration, named above, that in order for each minor Plaintiffs to return to RHS, they would be the subject to restrictions upon entry to school. The daily restrictions included a search of their persons consisting of empty pockets, lifting up pant legs, remove shoes, opening and checking waistbands, and opening containers to smell for alcohol. A comprehensive search of their belongings included opening and rummaging through backpacks. The minor Plaintiffs were also required to relinquish their mobile devices which returned at the end of the school day.

RHS administration also notified the parents of the minor Plaintiffs that their children could only be on school grounds from 8:25 am – 3:45 pm and were not permitted to participate in any extracurricular or after school activities including athletics, prom, and sporting events. Further, the Plaintiffs were informed that the students could only use the restrooms during passing time, lunch or recess. If Plaintiffs asked to use the restroom outside of the breaks, they were under adult escort.

Plaintiff Behl challenged the unwritten restrictions and unlawful practices on December 22, 2022 and Plaintiff T.N. was returned to RHS on May 3, 2023, Richfield personnel began to retaliate against Plaintiff T.N. by continuing to escort him any time he was outside the classroom.

(2) Concise factual summary of defendant's claims/defenses:

Defendants deny that their actions towards Plaintiffs were unlawful or discriminatory in any manner and allege that their actions were based on legitimate, non-discriminatory reasons resulting from the District's investigation into the shooting that occurred. Defendants also deny that they violated the Minnesota Government Data Practices Act and allege that they timely and appropriately respond to all of Plaintiffs' requests for data.

(3) Statement of jurisdiction (including statutory citations):

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367; and 42 U.S.C. § 1983.

(4) Summary of factual stipulations or agreements:

None.

(5) Statement of whether a jury trial has been timely demanded by any party:

A jury trial was timely requested.

(6) Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

Yes, Plaintiffs intend to add additional parties to the action premised on same or similar actions and facts. 90 days from pretrial order.

(7) If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured: and

Defendants have insurance through Greenwich Insurance Company. Defendants' maximum limit of liability is $3,000,000.

(8) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

No.

**(b) Fact Discovery.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before: December 22, 2023

(2) The parties must commence fact discovery procedures in time to be completed by August, 16, 2024.

(3) The parties *do not* believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.).

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(a) No more than a total of 35 interrogatories in accordance with FRCP 33(a) shall be served by each side;

(b) No more than 35 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of FRCP 34(b)(2)(B); and

(c) No more than 35 requests for admissions shall be served by each side.

(5) No more than 5 Rule 35 Medical Examinations shall be taken by Defendants and completed by April 5, 2024.

(6) No more than 10 fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

(7) Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing

and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions:

> None.

(8) The parties have agreed upon the following additional limitations to discovery procedures:

> None.

(9) Other discover issues.

   (a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed.R.Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: None

   (b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and *do* request the Court to include the following agreement in the scheduling order or as part of a protective order:

   > The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:

> None.

**(c)   Expert Discovery.**

The parties anticipate that they *will* require expert witnesses at the time of trial.

4

1) The plaintiff anticipates calling 2 (number) experts in the fields of: psychology or psychiatry and public education.  The defendant anticipates calling 2 (number) experts in the fields of: psychology or psychiatry and public education.  Each party may take one deposition per expert.

2) Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by Plaintiff on or before May 3,2024.
      Disclosures by Plaintiff on or before June 28, 2024.

   b) Identities by Defendant on or before June 7, 2024.
      Disclosures by Defendant on or before July 26, 2024.

   c) Rebuttal identities and disclosures on or before September 6, 2024.

3) Expert discovery, including depositions, shall be completed by August 30, 2024.

**(d)   Non Dispositive Motion Deadlines**

The parties propose the following deadlines for filing non-dispositive motions:

1) Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before 90 days from date of pretrial order.

2) All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before September 6, 2024.

3) Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before August 30, 2024. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4) All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before September 20, 2024 [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

**(e)   Protective Order**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently

revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx*).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**(f)    Dispositive Motion Deadlines**

The parties *do not* believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before October 18, 2024.

**(g)    Settlement**

1) The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows:

   None.

2) Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement

proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Micko for ruling.]

3) The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**(h)    Trial**

1) Trial by Magistrate Judge:

The parties *have not* agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties' consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2) The parties agree that this case will be ready for trial on February 3, 2025. The anticipated length of the **jury** trial is five (5) days.

Kane Education Law, LLC.

DATE: October 30, 2023      /s/ Margaret O'Sullivan Kane
Margaret O'Sullivan Kane/ID # 220243
1041 Grand Avenue, Suite 263
Saint Paul, Minnesota 55105
Tel. 651.222.8611
mkane@kaneeducationlaw.com

Attorney for Plaintiffs

Squires, Waldspurger & Mace, P.A.

DATE: October 31, 2023      /s/ Zachary J. Cronen
Zachary J. Cronen, Atty No. 0397420
Abigail R. Kelzer, Atty. No. 397392
333 South Seventh Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 436-4300
zachary.cronen@raswlaw.com
abbi.kelzer@raswlaw.com

Attorneys for Defendants

7