UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leah Harris,<br>*on behalf of her sons, T.H. and D.H.*, and<br>Tara Behl,<br>*on behalf of her son, T.N.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>Richfield Public Schools, Steven Unowsky,<br>Stacy Theien-Collins, Carrie Vala, Michael<br>Harris, and Steven Flucas,<br><br>　　　　　　　Defendants. | No. 23-cv-2384 (ADM/DLM)<br><br>**PRETRIAL SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this schedule establishes a deadline for filing a particular non-dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is

likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

## STATUS CONFERENCE

An audio-only status conference to update the Court on discovery and the parties' positions as to when a settlement conference before the Court or a private mediation would be productive is scheduled for **January 10, 2024 at 3:00 p.m.** Please go to Zoomgov.com and use the following login information to join the hearing:

Meeting ID: 161 744 3704, Passcode: 504777.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

---

[1] Parties who agree by stipulation to seek a modification of this Scheduling Order may file the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must meet the requirements of Local Rule 16.3(b)-(c).

If necessary, the parties will further discuss a plan and protocol for any electronic discovery and any preservation issues and shall jointly file a proposed e-discovery order, identifying any terms on which the parties disagree. The parties are advised that an e-Discovery Guide is available on the Court's website *http://www.mnd.uscourts.gov*.

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **December 22, 2023**.

2. The parties must commence fact discovery procedures in time to be completed on or before **August 16, 2024**.

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of **35** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

2. No more than **35** document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B)-(C). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than **35** requests for admissions shall be served by each side.

4. No more than **10** factual depositions, excluding expert witness depositions, shall be taken by each side.

5. No more than **1** Rule 35 medical examination before **April 5, 2024** per minor plaintiff. If the parties do not agree on the scope of Rule 35 medical examinations, the inclusion of a deadline for Rule 35 medical examination(s) in this Order does not relieve a party seeking an examination from its obligation to bring a motion under Rule 35, to show good cause for the examination, and to otherwise meet the

3

requirements of that Rule.

## DEADLINES FOR EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiff anticipates calling up to **2** experts. Defendant anticipates calling up to **2** experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by the party with the burden of proof on or before **May 3, 2024**.

    Disclosures by the party with the burden of proof on or before **June 28, 2024**.

    b) Identities by the responding party on or before **June 7, 2024**.

    Disclosures by the responding party on or before **July 26, 2024**.

    c) Rebuttal identities and disclosures on or before **September 6, 2024**.

3. Expert discovery, including depositions, shall be completed by **August 30, 2024**.

## PRIVILEGE LOG

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

4

## NON-DISPOSITIVE MOTION DEADLINES

1. Except as otherwise specifically set forth this section, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **February 7, 2024**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **September 6, 2024**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

3. Except as otherwise specifically set forth this section, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **August 30, 2024**.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **September 20, 2024**.

## DISCOVERY DISPUTES

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Micko_Chambers@mnd.uscourts.gov stating:

a) the discovery dispute;

b) whether all parties agree to informal dispute resolution; and

5

      c)      any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

## **NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Micko's Courtroom Deputy at 651-848-1900 or Micko_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom Deputy must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;
- responses and basis for objections;
- parties' positions after their meet and confer sessions;
- legal arguments; and
- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

**INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Eighth Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a remote audio conference. The parties will then be allowed to each email to Micko_Chambers@mnd.uscourts.gov a short letter setting forth the issue(s)

to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the hearing.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the hearing.

## **DISPOSITIVE MOTIONS**

**Judge Ann D. Montgomery**

1. All dispositive motions and supporting pleadings shall be served and filed on or before **October 30, 2024**. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1

2. The moving party shall first contact Lynn Holden, Judge Montgomery's Courtroom Deputy, at montgomery_chambers@mnd.uscourts.gov or 612-664-5093 to secure a hearing date at least 42 days in the future.

3. The moving party shall serve and file the following documents at least 42 days before the scheduled hearing: (a) motion; (b) notice of hearing on motion; (c) memorandum of law, (d) affidavits and exhibits, and (e) meet and confer statement. Counsel shall email to chambers at montgomery_chambers@mnd.uscourts.gov a proposed order.

4. The responding party shall serve and file the following documents at least 21 days before the hearing: (a) memorandum of law, and (b) affidavits and exhibits.

5. The moving party shall serve and file the following documents at least 14 days before the hearing: (1) reply memorandum, or (b) a notice stating that no reply memorandum with be filed. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response.

6. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Lynn Holden, Courtroom Deputy, at 13W U.S. Courthouse,

       300 South Fourth Street, Minneapolis, Minnesota, 55415, at the same time as the documents are posted on ECF.

**PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly file a proposed Protective Order, prominently identifying (yellow highlighting is suggested) any terms on which the parties disagree. The parties are encouraged to consult the Court's suggested protective order form in preparing a proposed protective order for entry by the Court (***https://www.mnd.uscourts.gov/sites/mnd/files/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***https://www.mnd.uscourts.gov/sites/mnd/files/Forms/Stipulation-for-Protective-Order-Form.docx***). No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. If the parties use the Court's suggested protective order form, the parties should consider whether they want to permit the retention of documents in addition to those submitted to the Court (for example, correspondence that quotes or describes a confidential document) and draft their proposed protective order to reflect that decision. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box at Micko_Chambers@mnd.uscourts.gov.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and a

protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).  After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule.  If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule.  For example:

> (A)   Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:
>
>> (i)   briefly describe the document;

11

      (ii)    explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

      (iii)    identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)    Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing.

*See* **https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf**.

## SETTLEMENT CONFERENCE

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be

submitted by email to Micko_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

## **TRIAL**

This case will be ready for a **jury** trial on or about **December 30, 2024**. The anticipated length of trial is **5** days.


DATED:  November 9, 2023                     *s/Douglas L. Micko*
                                                                       DOUGLAS L. MICKO
                                                                       United States Magistrate Judge