UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Leah Harris, on behalf of her sons, T.H. and D.H.; and Tara Behl, on behalf of her son, T.N., <br><br> Plaintiff, <br><br> v. <br><br> Richfield Public Schools; Steven Unowsky, Superintendent, in his personal capacity; Stacy Theien-Collins, Principal, in her personal capacity; Steven Flucas, Assistant Principal, in his Personal Capacity, Carrie Vala, Assistant Principal, in her personal capacity; and Michael Harris, Teacher on Special Assignment, in his personal capacity, <br><br> Defendants. | Case No. 23-cv-2384 (ADM/DLM) <br><br><br> **DEFENDANTS' RULE 26(a)(1)(A) INITIAL DISCLOSURES** |

To: Plaintiffs Leah Harris, on behalf of her sons, T.H. and D.H., and Tara Behl, on behalf of her son, T.N., and their Attorney, Margaret O'Sullivan Kane, Kane Education Law, LLC, 1654 Grand Ave, St Paul, MN 55105.

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants Richfield Public Schools, Steven Unowsky, Stacy Theien-Collins, Steven Flucas, Carrie Vala, and Michael Harris hereby provide the following initial disclosures:

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

At this time, Defendants believe the following individuals are likely to have discoverable information that may support their claims or defenses:

1. Plaintiffs Leah Harris, T.H., D.H., Tara Behl, and T.N. have knowledge of the facts underlying the allegations in their Complaint.

2. All other individuals identified in Plaintiff's Rule 26.01(a)(1) initial disclosures.

3. Any individuals needed for rebuttal.

4. The following current and former District employees may be contacted through Defendants' counsel. The business address for the following individuals is 401 70th Street W, Richfield, MN 55423.

   a. Dr. Steven Unowsky, Superintendent. Dr. Unowsky has knowledge of some of the allegations in the Plaintiffs' Complaint; the incident that occurred on September 23, 2022, during the District's homecoming football game; the investigation into the same; the discipline of Plaintiffs T.H., D.H., and T.N. as a result of the September 23, 2022 incident; the alleged restrictions placed on Plaintiffs T.H., D.H., and T.N.; the District's legitimate, nondiscriminatory reasons for those alleged restrictions; District policies and procedures; and management of the District.

   b. Stacy Theien-Collins, Principal. Ms. Theien-Collins has knowledge of some of the allegations in the Plaintiffs' Complaint; the incident that occurred on September 23, 2022, during the District's homecoming football game; the investigation into the same; the discipline of Plaintiffs T.H., D.H., and T.N. as a result of the September 23, 2022 incident; the alleged restrictions placed on Plaintiffs T.H., D.H., and T.N.; the District's legitimate, nondiscriminatory reasons for those alleged restrictions; Ms. Harris's and Ms. Behl's communications with High School Administration; District policies and procedures, including specifically related to student discipline; data requests submitted by Plaintiffs and the District's responses to the same; and management of the High School.

   c. Carrie Vala, Assistant Principal. Ms. Vala has knowledge of some of the allegations in the Plaintiffs' Complaint; the incident that occurred on September 23, 2022, during the District's homecoming football game; the investigation into the same; the discipline of Plaintiffs T.H.,

    D.H., and T.N. as a result of the September 23, 2022 incident; the alleged restrictions placed on Plaintiffs T.H., D.H., and T.N.; the District's legitimate, nondiscriminatory reasons for those alleged restrictions; and her communications with Ms. Harris and Ms. Behl regarding the allegations in the Complaint.

d.  Steven Flucas, Former Assistant Principal. Mr. Flucas has knowledge of some of the allegations in the Plaintiffs' Complaint; the incident that occurred on September 23, 2022, during the District's homecoming football game; the investigation into the same; the discipline of Plaintiffs T.H., D.H., and T.N. as a result of the September 23, 2022 incident; the alleged restrictions placed on Plaintiffs T.H., D.H., and T.N.; the District's legitimate, nondiscriminatory reasons for those alleged restrictions; and his communications with Ms. Harris and Ms. Behl regarding the allegations in the Complaint.

e.  Michael Harris, Teacher on Special Assignment/Restorative Practice Dean of Students. Mr. Harris has knowledge of some of the allegations in the Plaintiffs' Complaint; the incident that occurred on September 23, 2022, during the District's homecoming football game; the investigation into the same; the discipline of Plaintiffs T.H., D.H., and T.N. as a result of the September 23, 2022 incident; the alleged restrictions placed on Plaintiffs T.H., D.H., and T.N.; the District's legitimate, nondiscriminatory reasons for those alleged restrictions; and his communications with Ms. Harris and Ms. Behl regarding the allegations in the Complaint.

f.  Craig Holje, Chief Human Resources and Administrative Officer. Mr. Holje has knowledge of some of the allegations in Plaintiffs' Complaint; District policies and procedures; and management of the District.

g.  Dr. Alecia Mobley, Director of Special Education. Dr. Mobley has knowledge regarding some of the allegations in Plaintiffs' Complaint; the data request submitted by Plaintiffs and the District's responses to the same; alleged restrictions placed on Plaintiffs T.H., D.H., and T.N.; the District's legitimate, nondiscriminatory reasons for those

    alleged restrictions; and her communications with Ms. Harris and Ms. Behl regarding the allegations in the Complaint

  h. Chris Peterson, Director of Athletics. Mr. Peterson has knowledge of some of the allegations in the Plaintiffs' Complaint; the incident that occurred on September 23, 2022, during the District's homecoming football game; the investigation into the same; and the discipline of Plaintiffs T.H., D.H., and T.N. as a result of the September 23, 2022 incident.

  i. Andres Sanchez Vidal, Facilities Employee. Mr. Sanchez Vidal has knowledge of some of the allegations in Plaintiffs' Complaint and the incident that occurred on September 23, 2022, during the District's homecoming football game.

  j. Harry Cruz, Student Engagement Specialist. Mr. Cruz has knowledge of some of the allegations in Plaintiffs' Complaint and the incident that occurred on September 23, 2022, during the District's homecoming football game.

5. Matt Hotzler, Richfield Police Officer. Mr. Hotzler has knowledge regarding the incident that occurred on September 23, 2022, during the District's homecoming football game.

6. Darby Voeks, Richfield Young Life. Mr. Voeks has knowledge regarding the incident that occurred on September 23, 2022, during the District's homecoming football game.

**B. A copy-or description of category and location-of all documents electronically stored, and tangible things the disclosing party has in his possession, custody, or control, and may use to support his claims or defenses, unless the use would be solely for impeachment.**

At this time, Defendants believe the following categories of records may be used to support their claims or defenses:

1. T.H.'s education records, including but not limited to, enrollment records, attendance records, grades, and discipline records.

2. D.H.'s education records, including but not limited to, enrollment records, attendance records, grades, and discipline records.

3. T.N.'s education records, including but not limited to, enrollment records, attendance records, grades, discipline records, and special education records.

4. E-mail correspondence between Leah Harris and District officials regarding T.H, D.H., and the allegations in the Complaint.

5. E-mail correspondence between Tara Behl and District officials regarding T.N. and the allegations in the Complaint.

6. Documents related to the incident that occurred on September 23, 2022, during the District's homecoming football game.

These records are located in the offices of Squires, Waldspurger & Mace, P.A. and will be made available for inspection and copying at a mutually agreeable time.

Investigation in this matter is ongoing. Defendants reserve the right to supplement these disclosures upon discovery of additional relevant information or based on additional information provided by Plaintiffs in the course of this litigation. By making these disclosures, Defendants do not waive their right to object to the production of any document on the basis of privilege, work product doctrine, relevancy, undue burden, or any other valid objection.

**C.  A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable. Defendants are not claiming any damages in this case.

**D.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants are being provided a defense in this action by AXA Insurance. A copy of the applicable insurance policy will be made available to Plaintiffs for copying and inspection upon request.

|  |  |
|---|---|
|  | **SQUIRES, WALDSPURGER & MACE, P.A.** |
| Dated: <u>December 22, 2023</u> | By: <u>*/s/ Zachary J. Cronen*</u><br>Zachary J. Cronen, Atty No. 0397420<br>Abigail R. Kelzer, Atty. No. 397392<br>333 South Seventh Street, Suite 2800<br>Minneapolis, MN 55402<br>Phone: (612) 436-4300<br>zachary.cronen@raswlaw.com<br>abbi.kelzer@raswlaw.com |
|  | **ATTORNEYS FOR DEFENDANTS** |

SWM: 258815