UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEAH HARRIS, on behalf of her sons, T.H. and D.H.; and TARA BEHL, on behalf of her son, T.N., <br><br>    Plaintiffs,<br><br> v.<br><br>RICHFIELD PUBLIC SCHOOLS; STEVEN UNOWSKY, Superintendent, in his personal capacity, STACY THEIEN-COLLINS, Principal, in her personal capacity; STEVEN FLUCAS, Assistant Principal, in his personal capacity; CARRIE VALA, Assistant Principal, in her personal capacity; and MICHAEL HARRIS, Teacher on Special Assignment, in his personal capacity,<br><br>    Defendants. | Civil File No. 23-2384 (ADM/DLM)<br><br><br><br>**PLAINTIFFS' INITIAL DISCLOSURES** |

To: Defendants, by and through their counsel, Zachary J. Cronen and Abigail R. Kelzer of Squires, Waldspurger, & Mace, PA, 333 South Seventh Street, Suite 2800, Minneapolis, Minnesota 55402.

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs hereby provide the following initial disclosures:

A. **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs provide the following:

| NAME | SUBJECTS OF INFORMATION |
|---|---|
| Leah Harris<br>*Represented* | Parent of students D.H. and T.H. who has information concerning the facts set forth in the complaint and her sons' education within Richfield High School. |

1

| | |
|---|---|
| Tyree Harris<br>*Represented* | Parent of students D.H. and T.H. who has information concerning the facts set forth in the complaint and his sons' education within Richfield High School. |
| D. H.<br>*Represented* | Student at Richfield High School who is the subject of the complaint. |
| T. H.<br>*Represented* | Student at Richfield High School who is the subject of the complaint. |
| Tara Behl<br>*Represented* | Parent of student T.N. who has information concerning the facts set forth in the complaint. |
| T.N.<br>*Represented* | Student at Richfield High School who is the subject of the complaint. |
| Jennifer Overby<br>6221 Humboldt Avenue<br>Richfield, Minnesota 55423<br>651.785.7384 | Parent of student C.D. who has information concerning the facts set forth in the complaint. |
| C.D. | Minor child of Jennifer Overby and a student at Richfield High School who was subjected to the same or similar constitutional violations. |
| Ellen Drew<br>6221 Humboldt Ave<br>Richfield, Minnesota 55423<br>952.217.7384 | Grandparent of student C.D. who brought C.D. school and attended meetings and had communications with Richfield personnel regarding the allegations in the complaint. Ms Drew will testify to the impact the circumstances had on C.D. and his family. |
| Keyma Harris<br>3828 West 108th Street<br>Bloomington Minnesota 55431<br>612.447.2140 | Ms Harris is the older sister of D.H. and T.H. who accompanied her brothers to school and stayed with them as they were searched. After the searches, she then escorted them to their classrooms. |
| Belynda Brown<br>796 Selby Avenue South<br>St. Paul Minnesota 55105<br>763.807.6375 | Belynda Brown is the parent of D.B. and has knowledge of the same or similar restrictions as set forth in the complaint were taking place with her son at Richfield High School. |
| D.B. | Minor child of Belynda Brown and a student at Richfield High School who was the subject to the same or similar restrictions during the same period of time as set forth in the complaint. |

2

| | |
|---|---|
| Steven Unowsky, Superintendent of Richfield Public Schools | Defendant |
| Stacy Theien-Collins, Principal of Richfield High School | Defendant |
| Carrie Vala, Assistant Principal at Richfield High School | Defendant |
| Steven Flucas, Assistant Principal at Richfield High School | Defendant |
| Michael Harris, Teacher on Special Assignment at Richfield High School | Defendant |
| Alicia Mobley, Director of Special Education | Ms Mobley was part of the education team for T.N. as a student with a disability during the relevant period of time. |
| | |

**B.     A copy-or description of category and location-of all documents electronically stored, and tangible things the disclosing party has in his possession, custody, or control, and may use to support his claims or defenses, unless the use would be solely for impeachment.**

The records to support Plaintiffs' claims can be found in the education and law enforcement records for each individually named student.  Richfield Public Schools and Richfield Police Department are in possession of the records.

Plaintiffs have in their possession communications via telephone, text, email and social media pertaining to the claims.

**C.     A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs are seeking relief as follows based on a pre-discovery assessment of damages:

1. Compensatory damages in the amount of $300,000.00 per child;
2. Compensation for lost educational opportunities of $75,000.00 per child;
3. Punitive damages in an amount to be determined;

4. All out-of-pocket expenses and costs associated with minor Plaintiffs education for 2022/23;
5. Attorneys' fees and costs associated with prosecution of the minor Plaintiffs' rights; and
6. Non-monetary relief including written apologies, disciplinary letters in personnel files, revision of policies and procedures, training of administrative and education staff and inclusion of training in annual and mid-year personnel training, appointment of a monitor to ensure constitutional and federal statutory rights are understood and enforced, a Climate Survey with final report and recommendations to be followed, and publication of letter from Superintendent on website affirming the anti-discrimination affirmation and policy.

D.  **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

   Not applicable to Plaintiffs.

                                KANE EDUCATION LAW, LLC

DATE: January 12, 2024          /s/ Margaret O'Sullivan Kane
                                Margaret O'Sullivan Kane/ID # 0220243
                                1041 Grand Avenue
                                Suite 263
                                Saint Paul, Minnesota 55105
                                Tel. 651.222.8611
                                mkane@kaneeducationlaw.com

                                Attorney for Plaintiffs