UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leah Harris, on behalf of her sons, T.H. and D.H., and Tara Behl, on behalf of her son, T.N.,, <br><br> Plaintiffs, <br><br> v. <br><br> Richfield Public Schools, Steven Unowsky, Superintendent, in his person capacity, Stacy Theien-Collins, Principal, in her personal capacity, Carrie Vala, Assistant Principal, in her personal capacity, Michael Harris, Teacher on Special Assignment, in his personal capacity, and Steven Flucas, Assistant Principal, in his personal capacity, <br><br> Defendants. | No. 23-cv-2384 (ADM/DLM) <br><br> **ORDER FOR SETTLEMENT CONFERENCE** |

Magistrate Judge Douglas L. Micko will hold a settlement conference on **July 11, 2024, at 9:30 a.m. in Courtroom 6B of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101**. All participants should plan on spending the entire day, if necessary, at this settlement conference.

If a party (1) believes strongly that the settlement conference will not be a good use of the parties' time and that the Court should consider canceling or postponing it, or (2) is concerned that the presence or absence of a particular individual on the part of the opposing party or the lack of completion of certain discovery is likely to undermine the opportunity for resolution, it should contact chambers as soon as possible to set up a telephone

conference with counsel for all parties so that the Court can explore whether the settlement conference should go forward as scheduled, whether all necessary individuals will be present, and whether the parties have the information they need for a productive settlement conference.

**WHO MUST PARTICIPATE**

Counsel who *will actually try the case* and *each party, armed with full settlement authority*, shall participate.

- This means that each party must participate through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit or "cap" on his or her authority, this requirement is not satisfied.

- If individuals are parties to this case, they must participate.

- If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall participate. If a general counsel or in-house counsel is designated to represent a non-government entity at the settlement conference, then such counsel shall also be accompanied by an entity representative whose primary duties do not include practicing law and who has full authority to make a final decision.

- If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also participate in the settlement conference.

**MEETING AHEAD OF THE CONFERENCE**

To encourage the parties to address settlement on their own, counsel are ordered to speak by telephone to one another on or before **June 27, 2024,** to engage in a full and frank discussion of settlement. Prior to this meeting, **the parties must exchange at least two substantive rounds of a demand from the plaintiff and a specific offer from the defendants.** A non-specific offer or demand (e.g., "Defendants will pay 'nuisance value'")

does not meet this requirement. A party may not refuse to respond to the other party's demand/offer on the grounds that their demand/offer was "unrealistic" or "unreasonable" or for similar reasons.

**CONFIDENTIAL LETTERS TO THE COURT**

If the case does not settle prior to the settlement conference, counsel for each party shall email Magistrate Judge Micko's chambers on or before **July 3, 2024**, a confidential letter of no more than 5 pages setting forth:

**I.     Concise and Objective Summary of the Case**

    A.     Factual Summary

        Please provide an *objective* summary of the facts, including identification of any facts that are unknown or in dispute. In addition, please provide any important history or dynamics of the relationship between the parties.

    B.     Procedural Posture

    C.     Costs and Attorney Fees

        Specify the total costs and attorneys' fees expended to date, as well as the anticipated costs and fees through summary judgment (if applicable) and through trial. It is not acceptable for a party to state that attorneys' fees play no role or do not affect the party's litigation or settlement strategy. The amount of costs and attorneys' fees must be provided.

**II.    A Reasoned Analysis of Liability and Damages**

Please provide your assessment of the merits of your case, including an itemized computation (or refutation) of damages. In addition, please include a candid assessment of the strengths of your opposition's case.

    A.     Liability

        This section should include a concise analysis of any remaining significant legal issues with citation to relevant authority.

  B.  Damages

    This section should include a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations.

  C.  Candid Discussion of Strengths of Your Opposition's Case

**III. Settlement**

  A.  Summary of Settlement Discussions to Date

    This section must include the parties' respective settlement positions before and after the meeting required by this Order, including the amount of each demand and offer.

  B.  Any Obstacles to Settlement

    In this section describe any barriers to settlement, including unrealistic client expectations or emotional investment in the case.

  C.  Non-Monetary Terms

    In this section describe any non-monetary terms that are important to resolving this matter.

  D.  Insurance

    Include in this section the policy limits, any reservations, and whether the defense is within limits or separate therefrom.

**IV. Participating Parties**

Please identify (by name and title) each person who will participate in the settlement conference, and also identify which person has full authority to settle the case. The letter must affirmatively state that the person does not have a limit or "cap" on his or her authority.

**V. Other**

Please provide any other information you believe would be useful to the Court in resolving this matter.

These letters are for the Court's use only and should not be served on opposing counsel. They should be emailed to Micko_chambers@mnd.uscourts.gov.

**CONFIDENTIALITY**

All written and oral statements made by participants or their representatives during or in relation to this settlement conference are confidential. Disclosure of confidential communications made during or in relation to this settlement conference is prohibited by this Order, except as authorized by the Court or agreed to by the parties.

**FAILURE TO COMPLY**

Failure of any party, attorney, or insurance company to comply with any part of this Order may result in the postponement of the settlement conference or imposition of an appropriate sanction on the party, insurance company, or attorney who failed to comply, or both.

DATED:  April 10, 2024                 *s/Douglas L. Micko*
                                       DOUGLAS L. MICKO
                                       United States Magistrate Judge